**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMBER STEPP, an individual, and as parent and next friend of J.S., a minor child; JONATHON STEPP, an individual, and as parent and next friend of J.S., a minor child, <br><br>            Plaintiffs, <br><br> vs. <br><br> TALIHINA PUBLIC SCHOOL DISTRICT, an Oklahoma political subdivision; *et al.,* <br><br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Case No.:  CIV-24-146-JAR |

## SCHOOL DISTRICT DEFENDANTS' AMENDED ANSWER

The defendants, Independent School District No. 52 of LeFlore County, Oklahoma (the "School District"), Jason Lockhart, in his individual capacity, Kathy Anderson, in her individual capacity, Bill Blair, in his individual capacity, Courtney Moreland, in her individual capacity, Steve Woods, in his individual capacity, Rusty Blue, in his individual capacity, Tracy Bryant, in his individual capacity, Leslie Crank, in his individual capacity, and Scottie Russell in his individual capacity (the "School Employees," and together with the School District, the "School District Defendants") answer the Second Amended Complaint [Dkt. 93] filed by the plaintiffs, Amber Stepp, an individual, and as  parent and next friend of J.S., a minor child and Jonathon Stepp, an individual, and as parent and next friend of J.S., a minor child (collectively "Plaintiffs") as follows. This Amended Answer is filed following the Tenth

Circuit's Order affirming in part, reversing in part, and remanding this case. [Dkt. 147]. To the extent any claims remain, each School District Defendant continues to assert any and all defenses previously raised, including qualified immunity, and nothing herein shall be construed as a waiver of those defenses.

1.    The School District Defendants admit that J.S. was thirteen years old at or about the time the Second Amended Complaint was filed. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations that the Plaintiffs are residents of Talihina. The School District Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 1 and therefore deny those allegations.

2.    The School District Defendants admit the allegations contained in Paragraphs 2 and 3.

3.    The School District Defendants deny the allegations contained in Paragraphs 4 and 5.

4.    The School District Defendants admit the allegations of Paragraphs 6, 7, 8, 9, 10, 11, and 12. The School District Defendants deny that any liability to Plaintiffs is a result of those facts.

5.    The School District Defendants deny the allegation that Defendant Kevin McClain is a current employee of the School District. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the remaining allegations contained in Paragraph 13.

6. The School District Defendants admit the allegations contained in Paragraphs 14 and 15.

7. In response to Paragraph 16, the School District Defendants admit that the events giving rise to this case took place in LeFlore County, Oklahoma. The School District Defendants deny the remaining allegations contained in that paragraph.

8. Paragraphs 17 and 18 state legal conclusions to which no response is required. To the extent a response is required, the School District Defendants deny the same.

9. The School District Defendants admit the allegations of Paragraph 19. The School District Defendants deny any liability to Plaintiffs is a result of those facts.

10. The School District Defendants deny the allegations contained in Paragraphs 20 and 21.

11. The School District Defendants admit the allegations of Paragraph 22. The School District Defendants deny any liability to Plaintiffs is a result of those facts.

12. The School District Defendants deny the allegations contained in Paragraphs 23, 24, 25, 26, and 27.

13. In response to Paragraph 28, the School District Defendants admit that the School District received the correspondence referenced therein from the

Oklahoma State Department of Education. The School District Defendants deny the remaining allegations and legal conclusions contained therein.

14. The School District Defendants deny the allegations contained in Paragraph 29.

15. In response to Paragraph 30, the School District Defendants admit that Kevin McClain was the teacher assigned to J.S.'s class. The School District Defendants deny the remaining allegations and legal conclusions contained therein.

16. The School District Defendants admit the allegations of Paragraphs 31 and 32. The School District Defendants deny any liability to Plaintiffs is a result of those facts.

17. The School District Defendants deny the allegations contained in Paragraphs 33, 34, 35, 36, 37, 38, and 39.

18. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 40 and therefore deny the same.

19. In response to Paragraph 41, the School District Defendants admit that on or about August 25, 2022, Mr. Stepp met with Superintendent Lockhart to discuss his concerns regarding Kevin McClain. The School District Defendants deny the remaining allegations and legal conclusions contained therein.

20. The School District Defendants admit the allegations contained in Paragraph 42.

21. The School District Defendants deny the allegations contained in Paragraphs 43-48.

22. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 and 59, and therefore deny the same.

23. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraphs 60, 61, 62, 63, and 64, and therefore deny the same.

24. In response to Paragraph 65, the School District Defendants admit that the Plaintiffs called the School District to discuss their intention to file a Title IX complaint. The School District Defendants deny the remaining allegations contained in that paragraph.

25. In response to Paragraph 66, the School District Defendants admit that employees of the School District met with the Plaintiffs to discuss their allegations on or about August 29, 2022. The School District Defendants deny the remaining allegations contained in that paragraph.

26. The School District Defendants deny the allegations contained in Paragraphs 67, 68, 69, and 70.

27. The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 71and therefore deny the same.

28. The School District Defendants deny the allegations contained in Paragraph 72.

29. Paragraph 73 consists of legal arguments/conclusions to which no response is required. To the extent a response is required, the School District Defendants deny the allegations contained therein.

30. The School District Defendants admit the allegations contained in Paragraph 75.

31. The School District Defendants deny the allegations contained in Paragraphs 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, and 86.

32. In response to Paragraph 87, the School District Defendants admit the Plaintiffs made an Open Records Act request and that the School District responded to the request. The School District Defendants deny the remaining allegations and legal conclusions contained therein.

33. In response to Paragraphs 88 and 89, the School District Defendants admit that they provided all responsive documents in response to the Plaintiffs' request. The School District Defendants deny the remaining allegations and legal conclusions contained therein.

34. The School District Defendants deny the allegations contained in Paragraphs 90, 91, 92, 93, and 94.

35. The School District Defendants admit the allegations contained in Paragraph 95.

36.    The School District Defendants deny the allegations contained in Paragraphs 96, 97, 98, and 99.

37.    In response to Paragraph 100, the School District Defendants admit that the School District worked with the Plaintiffs to arrange for a modified school schedule for J.S. The School District Defendants deny the remaining allegations and legal conclusions contained therein.

38.    In response to Paragraph 101, the School District Defendants admit that the Plaintiffs agreed to the modified school schedule for J.S. The School District Defendants deny the remaining allegations and legal conclusions contained therein.

39.    The School District Defendants deny the allegations contained in Paragraphs 102, 103, 104, and 105.

40.    In response to Paragraph 106, the School District Defendants admit that McLemore spoke with various witnesses regarding the Plaintiffs' allegations in the course of her investigation into those allegations. The School District Defendants deny the remaining allegations and legal conclusions contained in that paragraph.

41.    The School District Defendants deny the allegations contained in Paragraphs 107, 108, 109, 110, 111, 112, 113, and 114.

42.    In response to Paragraphs 115, 116, and 117, the School District Defendants admit that the Plaintiffs attended a meeting of the Board of Education held on or about September 6, 2022 and complained about various matters related to the subject matter of this litigation during the public comment period. The School

7

District Defendants deny the remaining allegations and legal conclusions contained in those paragraphs.

43.    In response to Paragraphs 118 and 119, the School District Defendants admit that McLemore resigned from serving as Title IX officer for Talihina Elementary School. The School District Defendants deny the remaining allegations and legal conclusions contained in those paragraphs.

44.    The School District Defendants deny the allegations contained in Paragraph 120.

45.    In response to Paragraphs 121, 122, 123, 124, and 125, the School District Defendants admit that Blair and Bryant completed an investigation of the Plaintiffs' allegations. The School District Defendants deny the remaining allegations and legal conclusions contained in those paragraphs.

46.    In response to Paragraph 126, the School District Defendants admit that materials related to the investigation into their allegations were provided to the Plaintiffs. The School District Defendants deny the remaining allegations contained in that paragraph.

47.    The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 127 and therefore deny the same.

48.    The School District Defendants deny the allegations and legal conclusions contained in Paragraphs 128, 129, 130, 131, and 132.

49.     In response to Paragraph 133, the School District Defendants admit that the Plaintiffs were notified of the results of the investigation into their allegations. The School District Defendants deny the remaining allegations contained in that paragraph.

50.     The School District Defendants deny the allegations and legal conclusions contained in Paragraphs 134, 135, 136, and 137.

51.     In response to Paragraphs 138, 139, 140, 141, and 142, the School District Defendants admit that the School District received correspondence dated September 29, 2022 from the Oklahoma State Department of Education, and state that the contents of the letter speak for themselves. The School District Defendants deny the remaining allegations and legal conclusions contained in those paragraphs.

52.     In response to Paragraph 143 and 144, the School District Defendants admit that letters were sent to the parents of male and female fifth-grade students at Talihina Elementary notifying them of the change to their student's class schedule, and state that the contents of the letters speak for themselves. The School District Defendants deny the remaining allegations and legal conclusions contained in those paragraphs.

53.     In response to Paragraph 145, the School District Defendants admit that J.S. was no longer in McClain's classroom after the schedule changes were implemented. The School District Defendants deny the remaining allegations and legal conclusions contained in that paragraph.

54.     The School District Defendants deny the allegations contained in Paragraphs 146 and 147.

55.     In response to Paragraph 148, the School District Defendants admit that the Plaintiffs met with Anderson on or about October 10, 2022.

56.     The School District Defendants deny the allegations contained in Paragraphs 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, and 168.

57.     The School District Defendants are without sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 169 and therefore deny the same.

58.     The School District Defendants deny the allegations contained in Paragraphs 170 and 171.

59.     The School District Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 172 and therefore deny the same.

60.     In response to Paragraph 173, the School District Defendants admit that the School District received the correspondence dated July 28, 2023. The School District Defendants deny the remaining allegations and legal conclusions contained in that paragraph.

61.     Paragraphs 174 and 175 consist of legal conclusions to which no response is required. To the extent a response is required, the School District Defendants deny the allegations contained in those paragraphs.

10

62.   In response to Paragraph 176, the School District Defendants adopt and incorporate their responses to Paragraphs 1-175 as if fully set forth herein.

63.   The School District denies the allegations and legal conclusions contained in Paragraphs 177-183.

64.   In response to Paragraph 184, the School District Defendants adopt and incorporate their responses to Paragraphs 1-183 as if fully set forth herein.

65.   The School District denies the allegations and legal conclusions contained in Paragraphs 185-202 and all sub-paragraphs.

66.   In response to Paragraph 203, the School District Defendants adopt and incorporate their responses to Paragraphs 1-202 as if fully set forth herein.

67.   The School District denies the allegations and legal conclusions contained in Paragraphs 204-214.

68.   In response to Paragraph 215, the School District Defendants adopt and incorporate their responses to Paragraphs 1-214 as if fully set forth herein.

69.   The School District denies the allegations and legal conclusions contained in Paragraphs 216-288.

70.   In response to Paragraph 229, the School District Defendants adopt and incorporate their responses to Paragraphs 1-228 as if fully set forth herein.

71.   Defendants Russell, Woods, Crank, Blue, Moreland, Lockhart, and Anderson deny the allegations and legal conclusions contained in Paragraphs 230-238.

72.   In response to Paragraph 239, the School District Defendants adopt and incorporate their responses to Paragraphs 1-238 as if fully set forth herein.

73.   Defendants Anderson, Blair and Bryant deny the allegations and legal conclusions contained in Paragraphs 240-254.

74.   In response to Paragraph 255 the School District Defendants adopt and incorporate their responses to Paragraphs 1-254 as if fully set forth herein.

75.   The School District Defendants deny the allegations and legal conclusions contained in Paragraphs 256-267 and all sub-paragraphs.

76.   The School District Defendants do not respond to Paragraphs 268-277, as these allegations relate to a cause of action which has been dismissed by the Court. To the extent a response is required, the School District Defendants deny the allegations contained in those paragraphs.

77.   In response to Paragraph 278, the School District Defendants adopt and incorporate their responses to Paragraphs 1-277 as if fully set forth herein.

78.   The School District Defendants deny the allegations and legal conclusions contained in Paragraphs 279-290.

79.   In response to Paragraph 291, the School District Defendants adopt and incorporate their responses to Paragraphs 1-290 as if fully set forth herein.

80.   The School District Defendants deny the allegations and legal conclusions contained in Paragraphs 292-301 and all sub-paragraphs.

81.   The School District Defendants do not respond to Paragraphs 302-312, as these allegations relate to a cause of action which is asserted against Defendant

McClain only. To the extent a response is required, the School District Defendants deny the allegations contained in those paragraphs.

82.    The School District Defendants do not respond to Paragraphs 313-322, as these allegations relate to a cause of action which has been dismissed by the Court. To the extent a response is required, the School District Defendants deny the allegations contained in those paragraphs.

83.    The School District Defendants do not respond to Paragraphs 323-339, as these allegations relate to a cause of action which has been dismissed by the Court. To the extent a response is required, the School District Defendants deny the allegations contained in those paragraphs.

84.    The School District Defendants do not respond to Paragraphs 340-348, as these allegations relate to a cause of action which has been dismissed by the Court. To the extent a response is required, the School District Defendants deny the allegations contained in those paragraphs.

85.    In response to Paragraph 349, the School District Defendants adopt and incorporate their responses to Paragraphs 1-348 as if fully set forth herein.

86.    The School District Defendants deny the allegations and legal conclusions contained in Paragraphs 350-359.

87.    The School District Defendants deny that the Plaintiffs are entitled to any relief whatsoever against the School District Defendants, including but not limited to those forms of relief requested in their prayer for relief.

## AFFIRMATIVE DEFENSES

Pleading further and alternatively by way of affirmative defense, the School District Defendants allege:

88.    Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

89.    Plaintiffs are prohibited from seeking an award of punitive damages.

90.    The School District Defendants assert that Plaintiffs have failed to establish they have suffered a recognized deprivation.

91.    Plaintiffs have failed to establish that a School District established custom, policy or practice was the moving force behind any alleged deprivation.

92.    Plaintiffs have failed to establish that any alleged custom, policy or practice was the result of a decision by the School District's final policymaker-its Board of Education.

93.    Plaintiffs have failed to establish that any School District employee was deliberately indifferent toward their rights or that the School District was on actual notice of their complaints.

94.    The School District Defendants did not retaliate against the Plaintiff.

95.    No action taken with regard to the Plaintiffs is materially adverse retaliatory conduct.

96.    No alleged action taken with regard to J.S. was taken for reasons related to retaliation.

14

97.    All actions taken by the School District Defendants were narrowly tailored to a compelling government interest.

98.    No actions of the School District Defendants were intended to result in discrimination or sexual harassment of any individual.

99.    No alleged injury of the Plaintiff was caused by alleged discriminatory conduct on the part of the School District Defendants.

100.    The Plaintiff was not deprived of a protected liberty or property interest.

101.    The School District provided appropriate due process in connection with all actions taken involving J.S.

102.    The School District cannot be held liable for alleged violations of Title IX administrative regulations.

103.    No agreement with an unlawful purpose existed involving any of the School District Defendants.

104.    No acts were taken in furtherance of an unlawful objective by the School District Defendants.

105.    The School District Defendants cannot be held liable for civil conspiracy due to the lack of an underlying tort committed by those parties.

106.    Individual School District employees cannot be held liable for alleged negligence.

107.    The School District cannot be held liable for intentional torts allegedly committed by its employees.

108. Plaintiffs have failed to establish that any conduct by the School District rises to a level sufficient to "shock the conscience."

109. The School District has not breached any duty owed to Plaintiffs.

110. The Defendants' acts or omissions were not the proximate cause of Plaintiffs' injuries, if any.

111. The School District is immune from liability to Plaintiffs for any actions or injuries caused by persons other than employees of the School District acting within the scope of their employment. OKLA. STAT. tit. 51, § 153.

112. The School District is immune from any action based on acts or omissions performed in conformance with current recognized standards. OKLA. STAT. tit. 51, § 155(29).

113. The School District is immune from any action based on the performance of or the failure to exercise or perform any act or service which is in the discretion of the School District or its employees. OKLA. STAT. tit. 51, § 155(5).

114. The injuries alleged in Plaintiffs' Complaint, if any, were the result of an intervening or superseding cause and were unforeseeable.

115. The School District acted appropriately at all relevant times and in conformance with all applicable laws regarding the allegations raised by the Plaintiffs.

116. The damages that may be awarded against the School District for any violation of state tort law are capped by the Oklahoma Governmental Tort Claims Act ("GTCA").

16

117. Plaintiffs have failed, neglected or refused to mitigate their alleged damages.

118. Plaintiffs have failed to establish that a school official, having the authority to address unlawful discrimination and the power to take corrective measures, had actual notice or knowledge of the harm for which Plaintiffs seek damages and failed to take adequate action to end it.

119. The School District at all times acted in good faith and in conformance with its obligations under state and federal law.

120. No duty.

121. No negligence.

122. No cause or proximate cause.

123. Assumption of the risk.

124. Comparative and contributory negligence.

125. No primary negligence on behalf of the School District Defendants.

126. Volenti doctrine.

127. School District is exempt from liability from acts or omissions performed in conformance of then current recognized standards.

128. School District is exempt from liability for any action based upon the performance of or the failure to perform or exercise any act or service which is in the discretion of the School District or its employees.

129. Pursuant to Oklahoma Law, liability of the School District "shall be several from that of any other person or entity" and the School District "shall only be

liable for that percentage of total damages as corresponds to its percentage of total negligence."

130.    The injuries alleged, if any, were unforeseeable.

131.    School District is exempt from liability for legislative, judicial, quasi-judicial, or prosecutorial functions.

132.    School District is exempt from liability for adoption or the enforcement of or failure to adopt or enforce a policy.

133.    School District is exempt from liability for civil disobedience, riot, insurrection, rebellion or the failure to provide or the method of providing police or law enforcement protection.

134.    School District is exempt from liability for any claim or action based upon a theory of indemnification or subrogation.

135.    School District is exempt from liability for any claim based upon an act or omission of a School District employee in the placement of a child.

136.    School District is exempt from liability for actions taken by its employees outside the scope of their duties for the School District.

137.    The School Employees are not proper parties to this action.

138.    The School Employees are immune from liability pursuant to the GTCA as employees acting within the scope of their employment.

139.    The School Employees are entitled to qualified immunity.

140.    School District is not liable on a theory of respondeat superior for actions and conduct by an employee outside the scope of employment.

18

141.    The School District reserves the right to supplement or amend its list of affirmative defenses at any time in the future.

**WHEREFORE** having fully answered and defended against the Second Amended Complaint filed by Plaintiffs, the School District Defendants demand that judgment be entered in their favor and that they be granted all of the relief to which they are entitled.  Jury trial demanded.

**Respectfully submitted,**

**ROSENSTEIN, FIST & RINGOLD**


By:    */s/ Adam S. Breipohl*
**Frederick J. Hegenbart, OBA No. 10846**
**Adam S. Breipohl, OBA No. 32358**
**Rhiannon K. Thoreson, OBA No. 22748**
**525 South Main, Suite 700**
**Tulsa, OK 74103**
**(918) 585-9211; fax (918) 583-5617**
**fredh@rfrlaw.com**
**adamb@rfrlaw.com**
**rthoreson@rfrlaw.com**

**ATTORNEYS FOR THE**
**SCHOOL DISTRICT DEFENDANTS**

## CERTIFICATE OF SERVICE

☒      I hereby certify that on April __, 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

J. Blake Johnson
Kelsey Frobisher Schremmer
OVERMAN LEGAL GROUP, PLLC
809 N.W. 36th Street
Oklahoma City, OK  73118
blakejohnson@overmanlegal.com
kelseyschremmer@overmanlegal.com

Wyatt McGuire
MCGUIRE LAW FIRM
200 E. 10th Street Plaza
Edmond, OK 73034
wyatt@kentmcguirelaw.com

and

Ryan D. Kiesel
RYAN KIESEL, ATTORNEY AT LAW, PLLC
3022 N.W. 39th Street, Suite 57532
Oklahoma City, OK  73157
ryan@rkoklaw.com

ATTORNEYS FOR PLAINTIFFS

Jason L. Callaway
JOHNSON & JONES, P.C.
Two Warren Place
6120 S. Yale Avenue, Ste. 500
Tulsa, OK 74136
jcallaway@johnson-jones.com

and

Whitney Eschenheimer
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, OK 74103
weschenheimer@rfrlaw.com

ATTORNEYS FOR KEVIN MCCLAIN,
IN HIS OFFICIAL AND INDIVIDUAL
CAPACITIES

/s/ Adam S. Breipohl
Adam S. Breipohl

20